McKinney, J.,
delivered the opinion of the Court.
The plaintiff in error was sued in this action as endorser of a promissory note, payable at the branch of the Rank of Tennessee at Trenton. Underneath the name of Davis was written his post-office address, as follows, “ Trenton, Tenn.” Notice of protest for nonpayment was deposited in the post-office at Trenton, addressed to Davis. The proof shows that Davis resided in Gibson county, within four miles of the town of Trenton, and that the post-office at Trenton was the nearest one to him, and the one through which he transacted his business. There is a conflict in the evidence as to whether the post-office address written under the name of Davis is his own handwriting or that of Clay, the maker of the note. One witness thinks it is the handwriting of Davis, and two assert that it is the handwriting of Clay. ' The note was presented to the Bank, and the proceeds were received by the maker, Davis being merely an accommodation endorser.
It was insisted for Davis on the trial that, upon the foregoing facts, notice through the post-office was not sufficient to charge the endorser; that notice should have been sent by a messenger. The Court held otherwise, and instructed the jury “that the notice through the post-office was sufficient.”
The general principle has been repeatedly recognized by this Court, that when the parties reside in the same *392 place, notice through the post - office "will not suffice to charge an endorser; that, in such case, there must he personal notice by a messenger or by equivalent means; and that by the same place is meant where the parties reside in the same neighborhood, and transact business at the same post-office. But to this general rule an exception has been recognized which we think correct: that is, that from the fact of stating his post-office address under his name, by the endorser or by his authority, it will he implied that he thereby assented to receive notice through that post-office, and waived the ordinary mode of notice by a special messenger. No other sensible meaning or effect can be given to the act.
But, in the present case, the matter of fact as to whether or not the post-office address was written by the endorser, or by his authority, express or implied, was seriously contested, and ought to have been submitted to the determination of the jury; hut the charge of the Court wholly excludes it from their consideration.
Bor this error, the judgment will be reversed, and the case be remanded for a new trial.